IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| BILLY BUDD SULLIVAN, | CV 11-131-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| DAVID ORTLEY, Justice of the Peace; TED LYMPUS, District Court Judge; SUPREME COURT JUDGE; FLATHEAD JUSTICE & DISTRICT COURTS; SUPREME COURT OF MONTANA; and STATE OF MONTANA, | |
| Defendants. | |

_____

## I. INTRODUCTION

Plaintiff Billy Sullivan, proceeding pro se, has filed a Motion to Proceed In Forma Pauperis. Sullivan submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Sullivan's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Sullivan's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

1

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Sullivan's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

2

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff Billy Sullivan commenced this action to address what he perceives as injustices that occurred during the course of unspecified legal proceedings in the courts of the State of Montana. Sullivan alleges the state courts and judges have displayed favoritism towards Kate List — an apparent opposing litigant — and her attorney. Specifically, Sullivan alleges the judges or courts ignored evidence he presented, disregarded the fact that Ms. List committed perjury, engaged in "stonewalling" and delays, and mocked him as a pro se litigant. He believes the state court system is plagued with dishonesty and corruption. He alleges his right to have a different judge preside over his case was violated, and that he cannot obtain a fair and honest trial in an impartial court. Finally, Sullivan alleges the Montana Supreme Court issued a decision without considering the evidence in the case. Sullivan does not, however, provide any details of the referenced legal proceedings, and he does not present any factual allegations to substantiate his conclusory assertions.

Sullivan requests monetary compensation for damages he allegedly suffered as a result of the referenced state-court proceedings. He seeks compensation for his time, and reimbursement for his expenses or damages. He also asserts "all the people involved" should apologize to him, and they should be prosecuted.

## III. DISCUSSION

Because Sullivan is proceeding *pro se* the Court must construe his pleadings liberally, and the pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A. Judicial Immunity

Sullivan names District Court Judge Ted Lympus, Justice of the Peace David Ortley, and an unidentified "Supreme Court Judge" as Defendants in this action. These individuals are all Judges in the state courts of Montana. Sullivan advances conclusory allegations against these Defendants asserting they have improperly weighed evidence, issued adverse decisions, displayed favoritism, delayed his court proceedings, and have deprived Sullivan of his ability to obtain

4

impartial justice. Sullivan does not, however, present any factual allegations describing the specific conduct he believes constitutes favoritism, stonewalling, or partiality. For the reasons discussed below, and under the circumstances of Sullivan's allegations, the individual Defendants are immune from liability.

Liberally read, Sullivan's allegations can be construed as being advanced under 42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present federal legal claims against a state official or employee if the plaintiff can establish that "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1072 (D. Mont. 2005) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Although the Judges Sullivan identifies as Defendants are state actors for purposes of liability under 42 U.S.C. § 1983, a plaintiff cannot pursue a claim against a judicial officer under section 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Sullivan's allegations indicate he is dissatisfied with the course his unspecified judicial proceedings took, and the ultimate results of those

proceedings. Thus, Sullivan's allegations, on their face, merely describe judicial rulings and actions that qualify as "judicial acts" committed by a judge in his or her judicial capacity. *See Simmons*, 318 F.3d at 1161. A judge's role in presiding over judicial proceedings pending before the judge requires the judge to engage in conduct "normally performed by a judge" with respect to parties who have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Sullivan's allegations merely implicate conduct in which the Judges engaged in presiding over judicial proceedings. Therefore, the individual Judges Sullivan names as Defendants in this action are entitled to judicial immunity from suit.

Additionally, section 1983 protects judicial officers against injunctive relief requested by a plaintiff. The statute precludes injunctive relief as follows:

> any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004). Thus, injunctive relief is not available to Sullivan to the extent his claims are advanced under section 1983.

To the extent Sullivan's allegations may be predicated upon provisions of federal law other than 42 U.S.C. § 1983, the Court recognizes judicial immunity

6

does not always extend to claims for injunctive or declaratory relief. "[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Therefore, the Court will consider whether Sullivan may otherwise be entitled to declaratory or injunctive relief.

Sullivan does not, however, request any viable claim for injunctive relief, and he does not expressly request any specific injunction be imposed directly against Judge Lympus, Judge Ortley, or the unidentified Supreme Court Judge. Sullivan's request for an apology and that individuals be prosecuted are not forms of relief this Court has authority to grant. The Court has no authority to direct any prosecuting official to prosecute any claim or charge against any individual. Sullivan also does not allege that any of the individual Judges continue to engage in any ongoing conduct for which equitable relief could be obtained.

Based on the foregoing, Sullivan's claims against the Judges named as Defendants in this action should be dismissed.

### B. Eleventh Amendment Immunity

Sullivan cannot maintain his legal claims advanced against Defendants Flathead Justice & District Courts, the Supreme Court of Montana, and the

State of Montana. Those entities are immune from suit in federal court under the Eleventh Amendment to the United States Constitution.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). Although the amendment does not expressly prohibit suits brought against a state by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Consequently, absent waiver of this Eleventh Amendment immunity, neither a state, nor governmental entities which are considered "arms of the state," may be subject to suit in federal court. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989). State courts are "arms of the state" for purposes of the Eleventh Amendment. *Simmons*, 318 F.3d at 1161 (citing *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987)).

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [a federal court] will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as

8

(will) leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Here, no express waiver of the State of Montana's Eleventh Amendment immunity exists in the law of Montana. Montana's limited waiver of immunity for tort actions in its own courts, as set forth in Article II, Section 18 of Montana's Constitution and Mont. Code Ann. §§ 2-9-101 et seq., does not constitute a waiver of the State's Eleventh Amendment Immunity. *State of Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981) and *Ward v. Montana State Prison*, 2008 WL 564692, *3 (D. Mont. 2008).

In accordance with the foregoing legal authority, the Montana Supreme Court, and the Flathead Justice & District Courts are "arms of the state." Therefore, the immunity established by the Eleventh Amendment bars Sullivan's claims against those entities, and also his claims against the State of Montana.

## IV. CONCLUSION

Based on the conclusions stated above, **IT IS HEREBY RECOMMENDED** that Sullivan's Complaint be **DISMISSED**.

DATED this 13th day of October, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge